# NO. 12-14-00115-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON WAYNE BELCHER,* *APPELLANT* | § | *APPEAL FROM THE 115TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *UPSHUR COUNTY, TEXAS* |

## *OPINION*

Appellant, Jason Wayne Belcher, appeals his conviction of the offense of aggravated assault of a child, enhanced by a prior conviction for the same type of conduct. Appellant raises three issues on appeal. We affirm.

## BACKGROUND

Appellant was accused of putting his finger inside the female sex organ of H.C., a child, on or about January 17, 2012. At trial, H.C. testified that Appellant had done this on two occasions.

In February 2014, two months before trial, Appellant's daughter S. told her second grade teacher, Alicia Collier, that her father had been doing "sex things" with her. S. was taken to the Northeast Texas Child Advocacy Center where she was interviewed by Mary Spurlin. S. told Mary Spurlin that Appellant had anal and vaginal intercourse with her starting when she was four years of age and ending around Christmas 2013 when she was eight. S. also told Spurlin that Appellant had sexually abused her younger sister, R., who is severely disabled and cannot communicate verbally.

Immediately prior to trial, the trial court conducted a hearing out of the presence of the jury to determine if the evidence of the extraneous sexual offenses alleged to have been

committed by Appellant against children would support a jury finding that Appellant committed the offenses beyond a reasonable doubt. At the hearing, the court also heard Appellant's objection to the admission of that evidence. Appellant argued the evidence should be excluded, because (1) the extraneous offense evidence was irrelevant except to show his propensity to commit sex crimes against children, (2) its probative value was substantially outweighed by the danger of unfair prejudice, and (3) the admission of the evidence under Texas Code of Criminal Procedure Article 38.37, Section 2(b) denied him due process of law. The trial court found the evidence sufficient for admission, and overruled Appellant's objections.

S. did not testify at trial. However, both Collier and Spurlin told the jury what S. had told them. Other evidence showed Appellant had a prior conviction for aggravated sexual of a child in another county.

DUE PROCESS

In his first issue, Appellant contends the trial court's admission into evidence at the guilt-innocence stage of the trial of three extraneous sex offenses against children other than the complainant deprived him of due process of law. Therefore, he contends that Texas Code of Criminal Procedure Article 38.37, Section 2(b), under which the evidence was admitted, is unconstitutional.

## Standard of Review and Applicable Law

In reviewing the constitutionality of a statute, we must presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). The person challenging the statute must show that the statute is unconstitutional. *Id*.

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970); *Fisher v. State*, 887 S.W.2d 49, 52 (Tex. Crim. App. 1994). "The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures." *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled on other grounds*, *Briggs v. State*, 789 S.W.2d 918 (Tex. Crim. App. 1990).

2

To establish a due process violation, it is the appellant's burden to show that the challenged statute or rule violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency." ***Dowling v. United States***, 493 U.S. 342, 352-53, 110 S. Ct. 668, 674, 107 L. Ed. 2d 708 (1990); ***United States v. Lovasco***, 431 U.S. 783, 790, 97 S. Ct. 2044, 2049, 52 L. Ed. 2d 752 (1977) (citations omitted).

Effective September 1, 2013, the legislature amended Article 38.37 of the code of criminal procedure. Act of June 14, 2013, 83rd Leg., ch. 387, § 3, Tex. Session Law Serv. 1168, 1168-69 (current version at TEX. CODE CRIM. PROC. ANN art. 38.37 (West Supp. 2014)). Section 2(b) now provides that in a trial of a defendant for the enumerated sexual crimes against children, evidence that the defendant has committed certain offenses against a *nonvictim* of the charged offense is admissible for any bearing it may have on relevant matters, including the *character of the defendant* and *acts performed in conformity with the character of the defendant*. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b) (West Supp. 2014).

## Appellant's Argument

Appellant argues that it has been a fundamental principle of our judicial system that an accused person must be tried only for the offense charged and not for being a criminal or bad person generally. *See* ***Templin v. State***, 711 S.W.2d 30, 32 (Tex. Crim. App. 1986). "It is for this reason that Anglo-American jurisprudence has always shown a marked reluctance to admit evidence of extraneous offenses or prior misconduct." ***Id***. Such evidence has been considered admissible only if it is relevant to proving an issue, such as motive, intent, identity, or malice. ***Id***. Appellant argues that the evidence of the three extraneous offenses admitted under Article 38.37, Section 2(b) was relevant only to show the jury that he had a disposition of character, or propensity to sexually abuse children. The admission of the evidence of offenses relevant only to showing his propensity to commit such crimes, he insists, denied him a fair opportunity to defend against the particular charge against him. He argues that the admission of the evidence of the prior offenses was so prejudicial as to violate his constitutional right to due process.

## History of Propensity Evidence

The ban against propensity evidence in our jurisprudence is over three hundred years old dating back to seventeenth century cases. *See* ***United States v. Castillo***, 140 F.3d 874, 881 (10th Cir. 1998) (citing ***Hampden's Trial***, 9 How. St. Tr. 1053, 1103 (K.B. 1684)). The ban therefore

would appear to have the historical pedigree essential for constitutional standing. However, "[t]hat the practice is ancient does not mean that it is embodied in the Constitution." ***United States v. Enjady***, 134 F.3d 1427, 1432 (10th Cir. 1998).

Over the past one hundred years, all states have, by rules similar to our Rule 404 and Federal Rule of Evidence 404 or by judicial adoption, allowed the prosecution to introduce prior bad act evidence, including sexual misconduct. *See* Basyle J. Tchividjian, *Predators and Propensity: The Proper Approach for Determining the Admissibility of Prior Bad Acts Evidence in Child Sexual Abuse Prosecutions*, 39 AM. J. CRIM. L. 327, 334-35 (2012). But such evidence was not admissible to prove the defendant's character or propensity to commit the crime charged; instead, it was limited to other purposes such as proof of motive, opportunity, intent, identity, or absence of mistake or accident. ***Id.***; *see* FED R. EVID. 404 ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."); TEX. R. EVID. 404 (same). However, child sex abuse cases present evidentiary problems not resolved by any of the extraneous bad acts exceptions in Rule 404. In such cases, the prosecution typically must rely on the largely uncorroborated testimony of the child victim. As in the instant case, the child's credibility becomes the focal issue.

Over 150 years ago, some courts had begun to devise an exception to the general rule in cases charging sexual misconduct. In 1858, the Michigan Supreme Court stated as follows:

> The general rule in criminal cases is well settled, that the commission of other, though similar offenses, by the defendant, can not be proved for the purpose of showing that he was more likely to have committed the offense for which he is on trial[.] . . . But the courts in several of the states have shown a disposition to relax the rule in cases where the offense consists of illicit intercourse between the sexes[.] . . .

***People v. Jenness***, 5 Mich. 305, 320 (Mich. 1858). In ***Barker v. State***, 120 N.E. 593 (Ind. 1918), the defendant was charged with carnal knowledge of a girl under the age of sixteen. ***Id.*** at 593. The trial court allowed the prosecutor to question the defendant about other instances of sexual activity between himself and the victim. ***Id.*** at 595. The Indiana Supreme Court sustained the conviction holding that

4

such other acts are relevant and admissible to show the *lustful disposition* of defendant as well as to show the existence and continuance of the illicit relation, to characterize and explain the act charged, and *to corroborate the testimony of the prosecutrix* as to that act.

*Id.* (emphasis added).

By the early twenties, twenty-three states had adopted some form of lustful disposition exception to the rule against propensity evidence in statutory rape cases. ***United States v. Castillo***, 140 F.3d 874, 881 (10th Cir. 1998) (citing Thomas J. Reed, *Reading Gaol Revisited: Admission of Uncharged Misconduct Evidence in Sex Offender Cases*, 21 AM. J. CRIM. LAW 127, 171 (1993)). In 1994, the lustful disposition exception was essentially incorporated into federal law through the Violent Crime Control Act and amendments to the Federal Rules of Evidence allowing the admission of prior bad act evidence in child molestation cases and rape and sexual assault cases. Tchividjian, 39 AM. J. CRIM. LAW at 340. The next year, Texas adopted a similar version of the exception, but limited the evidence of other crimes or wrongs to only those committed by the defendant against the child victim of the alleged offense. Act of May 28, 1995, 74th Leg., ch. 318, § 48(a), 1995 Tex. Gen. Laws 2734, 2748-49 (amended 2005, 2011, 2013). By 2012, thirty-three states and the District of Columbia allowed evidence of the defendant's prior sexual abuse of a child as propensity evidence in a trial for sexual abuse of children. Tchividjian, 39 AM. J. CRIM. LAW at 339.

**Discussion**

In ***Castillo***, the Tenth Circuit held that Federal Rule of Evidence 414 does not violate the Constitution's promise of due process because of the protection provided by Federal Rule of Evidence 403. 140 F.3d at 883; *see also* FED. R. EVID. 414 (authorizing admission of similar crimes in child molestation cases). Federal Rule of Evidence 403, like its Texas counterpart Rule 403, excludes evidence if its probative value is substantially outweighed by a danger of unfair prejudice. The Ninth Circuit followed ***Castillo***'s rationale that the application of Rule 403 to Rule 414 eliminates due process concerns raised by Rule 414. ***United States v. LeMay***, 260 F.3d 1018, 1027 (9th Cir. 2001). In ***United States v. Mound***, the Eighth Circuit considered the constitutionality of Federal Rule of Evidence 413 allowing propensity evidence in rape and sexual assault cases. *See generally* 149 F.3d 799 (8th Cir. 1998). In ***Mound***, the court concluded that Rule 413 is constitutional if Rule 403 protections remain in effect. *Id.* at 801; *see also* ***Enjady***, 134 F.3d at 1431.

We addressed a similar due process challenge to the earlier, more restrictive version of Article 38.37 in ***Jenkins v. State***, 993 S.W.2d 133 (Tex. App.—Tyler 1999, pet. ref'd). At that time, the statute provided that "[n]otwithstanding Rules 404 or 405, . . . evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." Act of May 28, 1995, R.S., ch. 318, § 48(a), 1995 Tex. Gen. Laws 2734, 2748-49 (amended 2005, 2011, 2013).

In ***Jenkins***, we rejected the appellant's due process claim and upheld the constitutionality of the statute. 993 S.W.2d at 136. We acknowledged that "the article may allow evidence that assists the State in proving its case beyond a reasonable doubt," but concluded that it did not impermissibly lower the state's burden of proof. *Id.* Fundamental fairness was preserved by the defendant's right to cross examination. *Id.*; *see also* ***Brantley v. State***, 48 S.W.3d 318, 330 (Tex. App.—Waco 2001, pet. ref'd); ***Phelps v. State***, 5 S.W.3d 788, 798 (Tex. App.—San Antonio 1999, pet. ref'd). In ***Jenkins***, we were not required to address the applicability of Rule 403 to evidence admitted under Article 38.37. A number of courts, however, have since considered the question and have held that, when evidence of the defendant's other acts against the child victim were offered in evidence under the original version of Article 38.37, the trial court was required to conduct a Rule 403 balancing test in determining the admissibility of the evidence. *E.g.*, ***Colvin v. State***, 54 S.W.3d 82, 84-85 (Tex. App.—Texarkana 2001, no pet.); ***Walker v. State***, 4 S.W.3d 98, 103 (Tex. App.–Waco 1999, pet. ref'd); ***Poole v. State***, 974 S.W.2d 892, 897 (Tex. App.–Austin 1998, pet. ref'd).

Article 38.37 as amended now provides for the admission of evidence of other sex crimes committed by the defendant against children other than the victim of the alleged offense "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b). Though different in wording, the state statute and Federal Rule of Evidence 414 have virtually the same effect. Both make admissible evidence of the defendant's other sex crimes against children other than the complainant in order to show his propensity to commit the act of child sexual abuse alleged. *Compare* TEX. CODE CRIM. PROC ANN. art. 38.37 § 2(b) *with* FED. R. EVID 414(a) ("In a criminal case in which a defendant is accused of child molestation, the

court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.").

However, before such evidence is admitted, the trial court must still conduct a balancing test under Rule 403. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b) (permitting admission of propensity evidence "[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence," but not excluding from application of Rule 403). The trial may exclude the evidence if its probative value is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Analogous to federal practice, Article 38.37, Section 2-a requires that, before evidence of prior sexual misconduct is admitted, the trial court must conduct a hearing out of the jury's presence to determine that the evidence likely to be admitted will support a jury finding that the defendant committed the separate offense beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2-a; *see, e.g.*, **LeMay**, 260 F.3d at 1028 (district court determined admissibility of propensity evidence at pretrial hearing)**.** The defendant's ability to investigate and prepare to confront evidence of other sexual misconduct is furthered by the statute's mandate that the state give the defendant thirty days' notice of its intent to introduce such evidence. **Id.** art. 38.37 § 3 (West Supp. 2014).

Article 38.37, Section 2(b) is more narrowly drawn than Federal Rule of Evidence 414. Texas Rule of Evidence 403, like its federal counterpart, protects the defendant against the admission of evidence that is so prejudicial as to deprive the defendant of a fair trial. The policy concerns that served to justify the federal decision to admit propensity evidence in child molestation cases are equally applicable to state prosecutions. The admission of evidence of Appellant's other sexual crimes or bad acts against children other than the complainant, H. C., did not deprive Appellant of due process of law, and Article 38.37, Section 2(b) is constitutional. Appellant's first issue is overruled insofar as it pertains to the constitutionality of Article 38.37, Section 2(b).

## RULE 403

Appellant also contends, as part of his first issue, that even if evidence of his prior sexual offenses against children was admissible under Article 38.37, Section 2(b), the trial court erred in not excluding the evidence under Rule 403 because the State had no need for the evidence.

7

Therefore, he maintains the probative value of the evidence was substantially outweighed by its prejudicial effect.

**Standard of Review and Applicable Law**

We review the trial court's decision to admit evidence for abuse of discretion. ***Winegarner v. State***, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

When evidence of a defendant's extraneous acts is relevant under Article 38.37, Section 2(b), the trial court is still required to conduct a Rule 403 balancing test upon proper objection or request. ***Hitt v. State***, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd).

Texas Rule of Evidence 403 authorizes a trial court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.

"Probative value" is the measure of "how strongly [the evidence] serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." ***Gigliobianco v. State***, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). When the proponent has other compelling evidence to establish the fact or proposition that the challenged evidence goes to prove, the probative value of the contested evidence will weigh far less in the probative versus prejudicial balance. ***Id***.

"Unfair prejudice" refers to a "tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." ***State v. Mechler***, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). "Evidence might be unfairly prejudicial if, for example, it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence." ***Gigliobianco***, 210 S.W.3d at 641. "[C]onfusion of the issues" refers to "a tendency to confuse or distract the jury from the main issues in the case." ***Id***. "[M]isleading the jury" refers to "a tendency of an item of evidence to be given undue weight by the jury on other than emotional grounds." ***Id***.

Rule 403 does not require that the balancing test be performed on the record. ***Hitt***, 53 S.W.3d at 706. In overruling a Rule 403 objection, the trial court is assumed to have performed a Rule 403 balancing test and determined the evidence was admissible. ***Id***. There is a presumption that relevant evidence is more probative than prejudicial. ***Santellan v. State***, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

**Discussion**

Appellant asserts that the State had no need for the evidence of the extraneous offenses ascribed to him. Therefore, he urges that its probative value was significantly reduced. Appellant argues that the trial court erred in assigning too much weight to the probative value of the evidence of the extraneous sexual offenses in conducting the Rule 403 balancing test. We disagree.

H.C. was the only eyewitness to the offense. There was no physical evidence to support her accusation. At the trial's outset in his opening statement, Appellant's counsel told the jury that the question "for your decision is, is this child credible?" H.C.'s mother acknowledged during cross examination that she had told someone that H.C. told a lot of lies. She conceded that she initially refused to believe H.C. Therefore, H.C.'s credibility was clearly the focal issue in the case.

The evidence that Appellant had anal and vaginal intercourse with his daughter S. for four years beginning when she was four years old was more repugnant and inflammatory than the offense alleged against H.C. Unquestionably, the testimony regarding S. was highly prejudicial as was the evidence of Appellant's prior conviction of aggravated sexual assault against a child.

The extraneous offense evidence was highly prejudicial, principally because it was especially probative of Appellant's propensity to sexually assault children. The trial court did not abuse its discretion in determining that the probative value of the extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice. The remaining portion of Appellant's first issue is overruled.

**EFFECTIVE DATE OF ARTICLE 38.37, SECTION 2(b)**

In his second issue, Appellant contends that because he was indicted before the effective date of the changes in the law incorporated in Article 38.37, Section 2(b), those changes did not apply to any part of his prosecution, even though his trial began after their effective date.

**Applicable Law**

The enactment paragraph of the act adding the new Section 2 to Article 38.37 provides as follows:

9

> The change in law made by this Act applies to the admissibility of evidence in a criminal proceeding that commences on or after the effective date [Sept. 1, 2013] of this Act. The admissibility of evidence in a criminal proceeding that commences before the effective date of this Act is covered by the law in effect when the proceeding commenced, and the former law is continued in effect for that purpose.

Act of June 14, 2013, 83rd Leg., R.S., ch. 387, § 3, 2013 Tex. Sess. Law Serv. 1168, 1168-69.

**Discussion**

Appellant construes the phrase a "criminal proceeding," as used in the enactment paragraph, to mean the course of the prosecution as a whole commencing with the indictment. The State contends the phrase refers to each individual step in the prosecution.

In *Howland v. State*, 990 S.W.2d 274 (Tex. Crim. App. 1999), the indictment was returned before the effective date of the original version of Article 38.37. *See id.* at 275. Howland, like Appellant, argued that although his trial took place after the effective date, its provisions did not apply to the admission of evidence at his trial, because his prosecution commenced with his indictment before the effective date. *Id.* The pertinent enactment paragraph provided that the article was applicable "to *any criminal proceeding* that commences on or after the effective date of this Act . . . ." Act of May 28, 1995, R.S., ch. 318, § 48(b), 1995 Tex. Gen. Laws 2734, 2748-49 (amended 2005, 2011, 2013). The court noted that Section 1 of Article 38.37 stated that the article applied to a "proceeding in the prosecution of a defendant." *Howland*, 990 S.W.2d at 276. By this language, "the rule itself expressly distinguishes between a "proceeding" and a "prosecution" in a way that implies that there can be more than one proceeding in a given case." *Id.* at 277 (quoting *Haney v. State*, 977 S.W.2d 638, 649-50 (Tex. App.—Fort Worth 1998, pet. ref'd) (Livingston, J., concurring)). Based upon this distinction, the court of criminal appeals in *Howland* interpreted "any criminal proceeding" to mean that the act applied to "every step required to be taken in a prosecution of a defendant" and therefore to Howland's trial. *Id.*

Article 38.37, Section 2(b), in its current form, applies to a "criminal proceeding" that occurred after September 1, 2013. Based on the definition of "criminal proceeding" adopted by the court of criminal appeals in *Howland*, the trial court did not err in admitting evidence made admissible by Article 38.37 during Appellant's trial in April 2014.

Appellant's second issue is overruled.

## NOTICE OF EXTRANEOUS OFFENSE EVIDENCE

In his third issue, Appellant complains that the State failed to give him thirty days' notice that it intended to use, in its case in chief, evidence of the alleged assaults against his two daughters.

Section 3 of Article 38.37 provides that "[t]he state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 1 or 2 not later than the 30th day before the date of the defendant's trial." TEX. CODE CRIM. PROC. ANN. art. 38.37 § 3.

On April 7, 2014, two weeks before trial, Appellant filed two motions in limine. In the first motion, Appellant stated "[d]efense anticipates that the State shall attempt to introduce evidence of acts of sexual contact between the defendant and an alternate complainant." In his second motion, he urged the grounds for the exclusion of evidence of other sex crimes alleged to have been committed by him against children other than the complainant. The State's failure to give Appellant thirty days' notice before trial of its intent to introduce such evidence was not a ground raised in either motion.

Immediately before trial began, the trial court conducted a hearing out of the presence of the jury to determine if the evidence of sexual offenses against other children likely to be admitted would support a jury finding that Appellant committed the separate offenses beyond a reasonable doubt. During the hearing, Appellant heard the substance of the allegations of his sexual misconduct against S. and R. At the close of the hearing, Appellant reiterated the objections urged in the two motions in limine. The trial court granted Appellant a running objection on the grounds raised in the two motions.

Appellant at no time objected to the admission of the evidence based upon the State's failure to give the notice required by Article 38.37, Section 3. "To properly preserve an issue concerning the admission of evidence for appeal, a party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded." *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (citation omitted). Error, if any, was not preserved. *See* TEX. R. APP. P. 33.1(a)(1)(A). Appellant's third issue is overruled.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

11

**BILL BASS**
Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 2, 2015

### NO. 12-14-00115-CR

### JASON WAYNE BELCHER,
Appellant
V.
### THE STATE OF TEXAS,
Appellee

---

Appeal from the 115th District Court

of Upshur County, Texas (Tr.Ct.No. 16,276)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*