# NO. 12-16-00036-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAUL CASTANON SALAZU,*<br>*APPELLANT* | § | *APPEAL FROM THE 86TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *KAUFMAN COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Raul Castanon Salazu appeals from his conviction for continuous sexual abuse of a child. In two issues, he challenges the admission of extraneous offense evidence at trial and contends that the trial court committed cumulative error. We affirm.

## BACKGROUND

The State charged Appellant with continuous sexual abuse of Charlie Jackson, a child under fourteen years of age.[1] Appellant pleaded "not guilty" to the charged offense. At trial, Charlie testified that Appellant babysat him and cut his hair. During these times, Appellant sexually abused Charlie. He testified that the abuse began when he was between the ages of four and six and continued until he was eleven years old. The jury found Appellant guilty of continuous sexual abuse of a child. The trial court sentenced Appellant to imprisonment for sixty-five years.

---

[1] "Charlie Jackson" is a pseudonym.

In his first issue, Appellant challenges the trial court's admission of extraneous offense evidence at trial.[2]  He complains that Charlie's brother was allowed to testify to acts of sexual abuse that Appellant allegedly committed against him.  Appellant argues that the evidence was admitted in violation of Texas Rules of Evidence 403 and 404(b).

**Standard of Review and Applicable Law**

We review a trial court's evidentiary rulings for abuse of discretion. ***Oprean v. State***, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006).  We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. ***Willover v. State***, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).  We will not reverse unless the trial court's ruling falls outside the "zone of reasonable disagreement." ***Oprean***, 201 S.W.3d at 726.

Generally, an extraneous offense is not admissible to prove a person's character in order to show that the person acted in accordance with that character.  TEX. R. EVID. 404(b).  However, article 38.37 creates an exception to Rule 404(b) for certain cases, including continuous sexual abuse of a child.  TEX. CODE. CRIM. PROC. ANN. art. 38.37 § 2(a)(1)(B), (b) (West Supp. 2016); ***Hitt v. State***, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd).  Under section 2 of article 38.37, evidence that the defendant committed a separate offense may be admitted at trial for any bearing it has on relevant matters, including the defendant's character and acts performed in conformity with that character.  TEX. CODE. CRIM. PROC. ANN. art. 38.37 § 2(a)(1)(B), (b).  Section 2 of article 38.37 supersedes Rule 404(b). ***Hitt***, 53 S.W.3d at 705.

Nevertheless, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence.  TEX. R. EVID. 403.  When extraneous acts are relevant under article 38.37, the trial court must still "conduct a Rule 403 balancing test upon proper objection or request." ***Belcher v. State***, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.); *see* ***Hitt***, 53 S.W.3d at 706.  A Rule 403 balancing test considers (1) the inherent probative force of the evidence; (2) the proponent's need for the evidence; (3) any

---

[2] The State contends that Appellant failed to preserve this issue for review.  However, at a hearing outside the jury's presence, defense counsel objected that the evidence was more prejudicial than probative.  The trial court overruled the objection.  Thus, the complaint is preserved. *See* TEX. R. EVID. 103(b); *see also* ***Ethington v. State***, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).

tendency of the evidence to suggest a decision on an improper basis, to confuse or distract the jury from the main issues, or to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (4) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

## Facts

At a hearing conducted pursuant to article 38.37, Charlie's brother, F.G.J., testified that Appellant cut his hair when he was younger. He testified that Appellant rubbed his head longer than normal and massaged his shoulders. He further testified that pornographic material was played in the background. Appellant sometimes offered F.G.J. money or items in exchange for sexual favors, but F.G.J. refused. One evening, while driving F.G.J. home, Appellant begun rubbing F.G.J.'s leg and penis. F.G.J. attempted to exit the vehicle, but Appellant prevented him from doing so and kept asking F.G.J. if he was going to tell anyone. He allowed F.G.J. to exit the vehicle once he appeared to accept that F.G.J. would not disclose what had happened.

Defense counsel argued that the evidence is irrelevant, was not proven beyond a reasonable doubt, and any probative value was outweighed by its prejudicial effect. He further argued that admission of the evidence would violate article 38.37, due process, Appellant's right to a fair trial, equal protection, and ex post facto laws. The State responded that the evidence was admissible under article 38.37, as well as to show motive and opportunity. The trial court overruled Appellant's objections, and held that the "evidence is sufficient, and the jury could find beyond a reasonable doubt that the defendant did commit that extraneous offense."

## Analysis

In this case, the extraneous offense evidence was not of a technical or confusing nature. Nor did the evidence take an inordinate amount of time to present or repeat previously admitted evidence. *See Gigliobianco*, 210 S.W.3d at 641-42. F.G.J.'s testimony regarding the abuse by Appellant comprises less then fifteen pages of the record. The State briefly mentioned the testimony during its closing arguments, and argued that Appellant directed his attention from F.G.J. to Charlie. The State also emphasized to the jury that it could consider the evidence only if it found the evidence to be true beyond a reasonable doubt. In the jury charge, the trial court instructed the jury as follows:

You are further instructed that if there is evidence before you concerning alleged offenses against a child under seventeen years of age other than the complainant alleged in the indictment, such offense or offenses, if any, may only be considered if you believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and then you may consider said evidence for any bearing the evidence has on relevant matters.

Additionally, probative value refers to "the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence[.]" *Id.* at 641. In this case, the challenged evidence was relevant to whether Appellant abused Charlie. *See Bezerra v. State,* 485 S.W.3d 133, 141 (Tex. App.—Amarillo 2016, pet. ref'd) (finding evidence of previous sexual assaults against another child probative of fact that defendant's actions toward the complainants were not innocent); *see also Robisheaux v. State*, 483 S.W.3d 205, 221 (Tex. App.—Austin 2016, pet. ref'd) (evidence of extraneous offense relevant to whether defendant abused complainant); *Belcher*, 474 S.W.3d at 847 (extraneous offense probative of defendant's propensity to sexually assault children); TEX. R. EVID. 401 (relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action"). Although Charlie's testimony alone supports the jury's verdict, the trial court could reasonably conclude that the State needed the extraneous offense evidence in the absence of eyewitnesses and physical evidence. *See Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd) (trial court could conclude need for extraneous offense was "considerable" because State had no eyewitnesses or physical evidence to corroborate child complainant's testimony). This is particularly true given Appellant's arguments to the jury regarding inconsistencies in Charlie's testimony. *See Belcher*, 474 S.W.3d at 847.

Because of the inherently inflammatory and prejudicial nature of sexual offenses against children, extraneous offense evidence has a tendency to suggest a verdict on an improper basis. *Newton*, 301 S.W.3d at 320. Nevertheless, the trial court's limiting instruction in the jury charge somewhat counterbalances the danger of unfair prejudice. *See id*. We presume that the jury followed the trial court's instructions. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003). Moreover, F.G.J.'s allegations were no more serious than those on which the indictment was based. *See Robisheaux*, 483 S.W.3d at 220. Accordingly, we cannot say that the evidence had a tendency to distract the jury or be given undue weight. *See id.* at 220-21.

4

Under these circumstances, we conclude that there is not such a clear disparity between the degree of prejudice of the challenged evidence and its probative value as to warrant exclusion under Rule 403. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). Accordingly, the trial court did not abuse its discretion by admitting the complained-of evidence. *See Oprean*, 201 S.W.3d at 726; *see also Willover*, 70 S.W.3d at 845. We overrule Appellant's first issue.

## CUMULATIVE ERROR

In his second issue, Appellant maintains that the trial court committed cumulative error. He argues that the admission of F.G.J.'s testimony "involved matters of constitutional law and state law which so infected the entire trial that Appellant's conviction violates due process and a fair jury trial in violation of the 14th Amendment."

### Analysis

"The cumulative error doctrine provides relief only when constitutional errors so 'fatally infect the trial' that they violated the trial's 'fundamental fairness.'" *United States v. Bell*, 367 F.3d 452, 471 (5th Cir. 2004) (quoting *Derden v. McNeel*, 978 F.2d 1453, 1457 (5th Cir.1992)); *see Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010). However, cumulative error is not caused by non-errors. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). In light of our disposition of Appellant's first issue, we conclude that there is no cumulative error in this case. *See id.*; *see also Ryser v. State*, 453 S.W.3d 17, 43 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ("Because we have concluded that there was no error, there can be no cumulative error or harm."). We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered August 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2016**

**NO. 12-16-00036-CR**

**RAUL CASTANON SALAZU,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 86th District Court

of Kaufman County, Texas (Tr.Ct.No. 14-50562-86-F)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*