**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00241-CR**
_____

**ARNALDO SEGURA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 26,877**

**MEMORANDUM OPINION**

Arnaldo Segura appeals his conviction for the offense of aggravated sexual assault of a child, with one prior felony enhancement. *See* Tex. Penal Code § 22.021(a)(2)(B). In two issues, Segura complains about the admission of extraneous offense evidence and jury charge error regarding the extraneous offense. For the reasons discussed below, we affirm the trial court's judgment.

# BACKGROUND

A grand jury indicted Segura for the offense of aggravated sexual assault of a child on or about March 24, 2019, alleging that he committed an act of sexual abuse when he intentionally or knowingly caused the sexual organ of Kate,[1] a child younger than 14 years of age who was not the spouse of Segura to contact the mouth of Segura. *See id.* Kate, who was thirteen years old at the time of trial, testified that prior to the March 24, 2019, incident, her stepfather, Segura, had made her feel uncomfortable. Kate testified that one time she was watching television in the bedroom shared by Segura and her mother, when Segura placed her hand on him under the covers and touched her breasts. Kate also testified that another time, Segura joined her and her younger sister on the couch while they were watching television. According to Kate, Segura got a blanket, covered both Kate and her sister with the blanket, and "stuck his hands down my pants and put two fingers inside of me."

Kate explained that a few days after the couch incident on March 24, 2019, she was at home with her younger sister and Segura while her mother was at work. After an argument with her sister, Kate testified that she went to her room, lay in her

---

[1] We refer to the crime victims by pseudonym to protect their privacy. *See* Tex. Const. art. I. § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's identity and privacy throughout the criminal justice process").

bed, and played a game on her phone. Segura then entered Kate's room and asked for details about the game. Kate testified that after she explained the game, Segura went to the foot of her bed, pulled down her pants and underwear, spread her legs apart, and licked her vagina. Kate stated that she was in shock and froze. According to Kate, Segura then left the room, and she put her pants on and waited for her mother to return from work.

Kate testified that later that evening after her bath, she told her mother what Segura had done. Her mother kicked Segura out of the house and contacted the police the next day. She testified that her mother reported the incident at the sheriff's department and that she helped her mother prepare a written statement. Kate explained that she later spoke with either a child therapist or investigator and went to the hospital for a rape examination.

After Kate testified, the State called several witnesses including a special victim's liaison with the Polk County Sheriff's Office, a forensic interviewer at Childrenz Haven, and a sexual assault nurse examiner. The State indicated that it intended to call one final witness, Rene.

Approximately two-and-a-half years before trial, the State filed its Witness and Extraneous Offense Notice, stating its intent to elicit testimony regarding acts of sexual abuse by Segura against his former stepdaughter, Rene, when she was between the ages of seven and ten years old. In response, Segura filed a Motion for

3

Limiting Instruction and a Motion to Prohibit certain testimony from Rene. In his Motion for Limiting Instruction, Segura requested that the trial court instruct the jury that to consider Rene's testimony, the jury must find from the evidence presented beyond a reasonable doubt that Segura committed indecency with a child, sexual assault of a child, and/or aggravated sexual assault of a child against Rene. In his Motion to Prohibit, Segura requested the court to prohibit evidence of indecency with a child, sexual assault of a child, and/or aggravated sexual assault of a child regarding Rene.

The record shows that before the trial court admitted evidence of Segura's extraneous offenses against Rene, the trial court conducted the required Article 38.37 hearing without the jury present. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 2-a. During the hearing, Rene testified that she was 38 years old and that her mother married Segura around 1989 or 1990 when she was seven or eight years old. Rene explained that Segura took care of her and her brothers while her mother worked. Rene testified that Segura once called her name and she found Segura masturbating in the bathroom with the door open. According to Rene, the abuse evolved into Segura touching her private parts with his hands, having her touch Segura inappropriately, and Segura performing oral sex on her. Rene testified the abuse occurred a couple of times a month and normally when her brothers were playing outside.

After Rene's testimony, defense counsel argued that the State failed to demonstrate beyond a reasonable doubt that the incidents involving Rene occurred. The State argued that Rene's testimony, along with the evidence, allowed the jury to "readily find beyond a reasonable doubt that [Rene's] testimony was credible." The trial court found the evidence to be admissible and adequate to support a finding by the jury that Segura committed the separate offense against Rene beyond a reasonable doubt. The trial court denied Segura's Motion to Prohibit and granted his Motion for Limited Instruction. During trial, Rene testified about Segura's sexual abuse, explaining that when her mother and Segura were married, he exposed himself and masturbated in front of her, touched her breast and vagina, guided her hand to touch his private areas, and performed oral sex on her.

Segura testified in his defense and denied licking Kate's vagina area, putting his finger inside Kate's vagina, cuddling inappropriately with her, and fondling her breast. Segura also denied all incidents involving Rene.

The jury found Segura guilty of aggravated sexual assault of a child and assessed punishment at life in prison.

## ANALYSIS

In his first issue, Segura complains the trial court erred by admitting evidence of extraneous sexual abuse concerning Rene. Segura argues the evidence should have been excluded because it was so prejudicial as to outweigh any probative value.

5

We review the trial court's decision to admit evidence of extraneous offenses under Article 38.37 for an abuse of discretion. *Guevara v. State*, 667 S.W.3d 422, 438-39 (Tex. App.—Beaumont 2023, pet. ref'd); *Lopez v. State*, No. 09-19-00179-CR, 2021 WL 1010957, at *7 (Tex. App.—Beaumont Mar 17, 2021, no pet.) (mem. op., not designated for publication) (citing *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011)). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009) (citation omitted). Generally, when challenged on appeal, a ruling admitting evidence of extraneous offenses will be found to fall within the zone of reasonable disagreement "if the evidence shows that 1) an extraneous transaction is relevant to a material, non-propensity issue, and 2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id.* at 344.

Generally, evidence of extraneous offenses may not be used against the accused in a criminal trial, but exceptions exist. *Lopez*, 2021 WL 1010957, at *6. One exception is Article 38.37 of the Texas Code of Criminal Procedure, which provides for a hearing outside the jury's presence so the trial court can determine whether certain evidence of extraneous offenses should be admitted at trial. *Id.*; *see* Tex. Code Crim Proc. Ann. art. 38.37. Section 2(b) of the statute allows for the

6

admission of evidence of extraneous offenses committed by the defendant against individuals other than the victim and states as follows:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Tex. Code Crim Proc. Ann. art. 38.37 § 2(b); *see Lopez*, 2021 WL 1010957, at *6 (citing *Aguillen v. State*, 534 S.W.3d 701, 711 (Tex. App.—Texarkana 2017, no pet.)).

Although extraneous-offense evidence admissible under Article 38.37 does not have to meet the requirement of Texas Rules of Evidence 404, the trial court must conduct a balancing test under Rule of Evidence 403 before it admits the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 2(b); *see also Garcia v. State*, 201 S.W.3d 695, 702 (Tex. Crim. App. 2006); *Lopez*, 2021 WL 1010957, at *6. When a trial court conducts a Rule 403 balancing test, it must balance

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

7

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). The trial court may exclude the evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Tex. R. Evid. 403. The trial court must also determine whether the evidence of prior sexual misconduct likely to be admitted will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt. Tex. Code Crim. Proc. Ann. art. 38.37 § 2-a(1); *Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.).

The record shows that before the trial court decided whether to admit the evidence addressing Segura's extraneous offenses, the trial court conducted the required Article 38.37 hearing without the jury present. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 2-a. The record shows that after hearing Rene's testimony about Segura's sexual abuse, the court conducted the required balancing test and found that the probative value of the evidence was not substantially outweighed by its prejudicial value, explaining that testimony of the witness was "adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt[.]" The record also shows that Rene and Kate were approximately the same age at the time of the alleged sexual abuse, Segura was Rene's and Kate's stepfather, the allegations of sexual abuse were similar, and the abuse occurred in

8

similar environments when Rene and Kate were in Segura's care while their mothers were working. Based on the record before us, we conclude the trial court did not abuse its discretion by admitting the evidence of Segura's extraneous offenses against Rene pursuant to Article 38.37, section 2, because it was probative of his character or propensity to sexually abuse step-daughters close to Kate's age; there was a need for the evidence because there was no physical evidence to support Kate's allegations and Segura's actions were not likely to have left any physical evidence; the evidence pertained to the matter of victim credibility and was easily understandable; any tendency to confuse or distract the jury was mitigated by the trial court's limiting instruction; and it did not consume an inordinate amount of time. *See Deggs v. State*, 646 S.W.3d 916, 925-27 (Tex. App.—Waco 2022, pet. ref'd) (explaining that the probative value of sexual offenses committed against other children is generally not substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence); *Buxton v. State*, 526 S.W.3d 666, 689 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (affirming trial court's admission of evidence pursuant to Article 38.37 that defendant committed extraneous bad acts against complainant's sister); *Belcher*, 474 S.W.3d at 847-48 (concluding the trial court did not abuse its discretion by determining that the probative value of the extraneous offense evidence

was not substantially outweighed by the danger of unfair prejudice). We overrule issue one.

In his second issue, Segura argues the trial court erred when the trial court submitted the jury charge without instructions to limit the consideration of the extraneous offense evidence, specifically Rene's testimony to matters contained within Article 38.37, section 2(b). *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 2(b). Despite not objecting to the jury charge, Segura argues that without the limiting instruction, the jury was free to consider Rene's testimony for any reason to assist them in finding Segura guilty of sexually assaulting Kate.

Segura filed a Motion for Limiting Instruction as to the evidence of extraneous offenses, specifically Rene's testimony. After conducting the required Article 38.37 hearing, the trial court granted Segura's Motion for Limiting Instruction. The record shows the jury charge included the exact language requested by Segura in his Motion for Limiting Instruction. However, Segura now complains that additional language should have been included that further limited the jury's use of the evidence and instructed the jury that the extraneous evidence can be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *See id.*

Segura did not make this objection at trial, nor did he request a limiting instruction regarding the jury's use of Rene's testimony once it found that Segura

committed an offense against Rene beyond a reasonable doubt. Therefore, he did not preserve his complaint for our review. *See* Tex. R. App. P. 33.1. Because Segura failed to preserve error, we will review the alleged jury charge error in a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). We must first determine whether error exists in the charge. *Kirsch*, 357 S.W.3d at 649; *Ngo*, 175 S.W.3d at 743-44. Second, if charge error exists, we review the record to determine whether the error caused sufficient harm to warrant reversal. *Kirsch*, 357 S.W.3d at 649; *Ngo*, 175 S.W.3d at 743-44. Where, as here, the defendant did not object to the jury instructions, "reversal is required only if the error was fundamental in the sense that it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015). An error that results in egregious harm is one that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *See Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (citation omitted). Egregious harm is a "high and difficult standard which must be borne out by the trial record." *Young v. State*, 283 S.W.3d 854, 880 (Tex. Crim. App. 2009). The defendant must have suffered "actual rather than theoretical harm." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). Following the law as it is set out by

11

the Texas Legislature is not error on the trial judge's part. *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996).

Generally, an extraneous offense is inadmissible to prove a person's character and to show the person acted in accordance with that character. Tex. R. Evid. 404(b)(1). Yet, article 38.37 creates an exception to 404(b) for certain cases, including aggravated sexual assault of a child. Tex. Code Crim. Proc. Ann. art. 38.37 § 2(a)(1)(E), (b); *Belcher*, 474 S.W.3d at 844. "Under section 2 of article 38.37, evidence the defendant committed a separate offense may be admitted at trial for any bearing it has on relevant matters, including the defendant's character and acts performed in conformity with that character." *Carmichael v. State*, 505 S.W.3d 95, 102 (Tex. App.—San Antonio 2016, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 38.37 § 2(a)(1)(B), (b)). "Article 38.37 section 2 supersedes Rule 404 (b)." *Id.* (citing *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd)).

Here, Segura requested a limiting instruction, but only in the sense that the extraneous offenses be limited to the jury's use if they believed it beyond a reasonable doubt. Article 38.37, section 2(b) does not limit the jury's use of extraneous offenses in cases where a defendant has been charged with aggravated sexual assault of a child. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 2(a)(1)(E), (b). Segura was charged with aggravated sexual assault of a child. Thus, the extraneous offense testimony was admissible under article 38.37, section 2(b), for any relevant

purpose without limitation, including character conformity. *See id.*; *Carmichael*, 505 S.W.3d at 102. The trial court provided the instruction Segura requested, which was consistent with the statute, and the trial court did not err by following the law as the Legislature laid out. *See Martinez*, 924 S.W.2d at 699; *see also* Tex. Code Crim. Proc. Ann. art. 38.37 § 2(b). Having determined there is no error in the charge, we need not conduct a harm analysis. *See* Tex. R. App. P. 47.1 (requiring the court of appeals to hand down an opinion as brief as practicable). We overrule issue two.

Having overruled both of Segura's issues, we affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on March 12, 2024
Opinion Delivered August 28, 2024
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

13