

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LORENZO JURADO, | § | |
| | | No. 08-17-00010-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 34th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20130D05056) |
| | § | |

## **O P I N I O N**

A jury convicted Lorenzo Jurado of the offense of indecency with a child by sexual contact[1] and the trial court assessed his punishment at life imprisonment with parole. On appeal, Jurado raises six issues challenging the constitutionality of article 38.37 of the Texas Code of Criminal Procedure, the sufficiency of evidence to support his conviction, and the enhancement of his punishment from a second-degree felony to a life sentence. Jurado principally contends the State improperly introduced extraneous offense evidence of his prior conviction and placement on deferred adjudication[2] for the offense of aggravated sexual assault of a child. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1).

[2] The parties refer to Jurado's prior guilty plea to aggravated sexual assault of a child as a "conviction," despite the fact that Jurado received deferred adjudication, for which he successfully completed the terms of his probation, and the offense never resulted in a final conviction. Nevertheless, we too refer to his guilty plea as a "conviction" because

**BACKGROUND**

On June 29, 2013, parents,[3] R.R. and K.R., planned on cleaning out their former residence after moving into a new home. They dropped off their six-year-old daughter, L.R., for a visit with her aunt, Sonja Arnold. At the time, Sonja lived in a home with four other adults and one child, which included Jurado, his two adult daughters, his daughter's boyfriend, and the couple's young daughter. Sonja had her own bedroom as she and Jurado were not dating but merely friends. During the evening, K.R. called Sonja and they agreed that L.R. would spend the night to allow L.R. to finish a movie they were then watching.

When K.R. picked L.R. up the following afternoon, she noticed that L.R. seemed "a little off." Not long after, L.R. told R.R. that she "ha[d] something gross to tell [him]." When R.R. told her to tell him about it, L.R. responded that Jurado had taken pictures of her vagina and told her that "she had soft parts and he had hard parts." R.R. then asked L.R. to tell her mother what she had just told him. K.R. testified that L.R. told her that Jurado "took a picture of her vagina and that he told her that hers was soft and beautiful and that his was hard." R.R. next asked L.R. whether Jurado touched her, and she said yes. K.R. then asked L.R. to go get things ready for their plans for the day and she and R.R. talked about what they were going to do at that point. K.R. described R.R. as being visibly upset and he wanted to call police. K.R., however, expressed that she wanted to talk to L.R. to make sure she was okay, and then they would decide what they

a defendant's guilty plea for the prior commission of aggravated sexual assault of a child in which he received deferred adjudication as punishment is treated as a final conviction for Tex. Penal Code Ann. § 12.42(c)'s enhancement purposes, regardless of whether the defendant's sentence was imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision. *See* Tex. Penal Code Ann. § 12.42(g)(1).

[3] To protect the anonymity of the child victim, we will use initials to refer to not only the child but also the child's parents. *See* Tex. R. App. P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

would do.

K.R. went to L.R.'s room to check on her. K.R. testified that she asked L.R. whether Jurado had ever touched her before or done anything like that before. L.R. told her that Jurado had told her before that she had a rash and that he needed to take a picture and that way he could show it to K.R. K.R. also testified that L.R. told her that Jurado had touched her vagina and she showed her how by using her two fingers to make a circular motion on the outside of her pants in the area of her vagina. K.R. further explained that she had taught L.R. the proper name for all her private parts when she was a younger child.

Feeling angry and furious, K.R. then informed her sister Sonja of L.R.'s allegations. K.R. testified she later received a call from Jurado who told her that she should consider that he was "getting his life together" and to "please consider his family and what this would do to them." Additionally, Jurado acknowledged that he "understood, as parents, that [R.R. and K.R.] had to do what [they] needed to do." Jurado stated that the only reason he could think of for why L.R. might have made the outcry was because of a time that she had a "rash" and that he had looked at it.

In response to L.R.'s outcry, R.R. and K.R. called Child Protective Services (CPS), who informed them that they should contact law enforcement. L.R. was subsequently interviewed by a forensic interviewer at the Advocacy Center for the Children of El Paso (CAC). Afterward, Jurado was arrested and later indicted by the State with one count of indecency with a child and one count of sexual performance by a child pursuant to TEX. PENAL CODE ANN. §§ 21.11(a)(1), 43.25(b). During pretrial, the State filed two notices: (1) a pretrial notice of its intent to introduce Jurado's prior conviction for aggravated sexual assault of a child; and (2) a notice of its

3

intent to seek an enhancement in the punishment range for the charged offenses by introducing his prior aggravated sexual assault of a child conviction. In response, Jurado filed a "Pretrial Constitutional Objection to Art. 38.37 Section 2," arguing in the motion and related hearing that TEX. CODE CRIM. PROC. ANN. art. 38.37 unconstitutionally denied him due process, both facially and as applied to him, and the prejudice of admitting a prior conviction or plea of guilty to a child sexual abuse charge in a trial where the defendant faces the same or similar charge would severely diminish the objectivity of the jury and destroy his presumption of innocence.

Following a jury trial and before deliberations, the State dismissed the sexual performance by a child count and proceeded solely on the remaining count of indecency with a child. After the jury convicted Jurado of the offense of indecency with a child, Jurado elected to have the trial court assess punishment. During the punishment hearing, the trial court did not read the enhancement allegation to Jurado nor did Jurado expressly enter a plea to the enhancement allegation. Noting that the enhancement allegation required an automatic life sentence and afforded no discretion to a court or jury in its sentencing determination, the trial court thereafter sentenced Jurado to life imprisonment with parole. The judgment of conviction does not indicate Jurado's plea to the enhancement allegation or reflect the court's finding on the allegation, but instead is only marked "N/A." This appeal followed.

## I.

## DISCUSSION

On appeal, Jurado challenges his conviction in six issues. First, in Issue One, he argues that article 38.37 of the Texas Code of Criminal Procedure is unconstitutional, facially and as applied to him, because it violated his due process rights by depriving him of his presumption of

4

innocence. Related to this issue, Jurado argues in his second issue that the trial court erred in admitting evidence related to his prior offense including the judgment itself, his requirements to register as a sex offender, and the terms and conditions of probation that were imposed, arguing that the evidence was unfairly prejudicial. Next, his third issue argues that the trial court erred by sentencing him to life imprisonment without an adjudication and factual determination of the enhancement allegation. His fourth issue argues that article 38.37 is unconstitutional as applied to him under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). His fifth issue argues that the evidence was insufficient to support conviction of what he characterizes as a "super felony" of indecency with a child because the jury did not find him guilty of the prior conviction. Lastly, his sixth issue argues that his conviction and sentence were unlawful because TEX. PENAL CODE ANN. § 12.46 does not permit the State to use his prior conviction for aggravated sexual assault of a child as both an element of the charged indecency with a child offense and for punishment enhancement purposes.

In the interests of efficiency and clarity, we address related issues together where possible.

## Article 38.37

In his first two issues, Jurado contends that article 38.37 of the Code of Criminal Procedure, the statute which authorizes the admission of certain extraneous offense evidence in a sex abuse case, is unconstitutional (Issue One); and that based on article 38.37, the trial court erred in admitting extraneous offense evidence related to his prior conviction over a Rule 403 objection (Issue Two). We address each issue in turn.

### *Facial and As-Applied Challenge*

In his first issue, Jurado argues that article 38.37 is unconstitutional, both facially and as

5

applied to him, because it deprived him of the presumption of innocence in violation of the Due Process Clause of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. Jurado contends that article 38.37 amounts to an "impermissible mandatory presumption of [his] guilt," and that it shifted the burden to him to prove his innocence by mandating that the trial court admit prior sex convictions at the guilt phase of trial.

As a question of law, we review *de novo* whether a statute is facially constitutional. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013) (citation omitted). When the constitutionality of a statute is challenged, we presume that the statute is valid and that the Legislature did not act unreasonably or arbitrarily in enacting it. *Id*. at 14-15 (citation omitted). The party challenging the statute bears the burden to establish its unconstitutionality. *Id*. at 15 (citation omitted).

The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const. amend. V. The Due Process Clause requires that the State prove every element of the charged offense beyond a reasonable doubt. *Byrd v. State,* 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *In re Winship*, 397 U.S. 358, 364 (1970). Thus, an accused must only be tried for the charged offense and may not be tried for a collateral offense or for being a criminal generally. *Stafford v. State,* 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *Buxton v. State*, 526 S.W.3d 666, 686 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (op. on reh'g). The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures. *Long v. State,* 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled on other*

6

*grounds, Briggs v. State,* 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Generally, evidence of an extraneous offense is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with that character. TEX. R. EVID. 404(b). However, by its enactment, article 38.37 of the Code of Criminal Procedure creates a statutory exception to Rule 404(b)'s prohibition for certain offenses under the Texas Penal Code among which include a charge of indecency with a child pursuant to Penal Code section 21.11. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a)(1)(C), (b). Article 38.37, section 2(b) provides as follows:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b).

When applicable, article 38.37, section 2, allows the trial court to admit evidence that the defendant committed a prior sexual offense for "any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). As a predicate to admission, the prior conviction (1) must satisfy the provisions established in Texas Rules of Evidence 404 and 405, and (2) the trial court must determine that the evidence will be adequate to support a finding by the jury that the defendant committed the prior offense beyond a reasonable doubt and conduct a hearing on that matter. *See id.* § 2-a (1–2).

This Court and other Texas courts of appeals have upheld the constitutionality of article 38.37, section 2, in the face of due process challenges. *See Carrillo v. State*, No. 08-14-00174-

CR, 2016 WL 4447611, at *8–9 (Tex. App.—El Paso Aug. 24, 2016, no pet.) (not designated for publication); *Buxton*, 526 S.W.3d at 686; *Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.); *Harris v. State,* 475 S.W.3d 395, 403 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).   Among other things, these decisions recognize that article 38.37 brings the Texas Rules of Evidence closer to Federal Rule of Evidence 413(a), which allows evidence of previous sexual assault cases to be admitted at trial.   *Harris*, 475 S.W.3d at 401 (citing Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83rd Leg., R.S. (2013)); *see also* FED. R. EVID. 413(a) ("In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault.   The evidence may be considered on any matter to which it is relevant."); *see also* FED. R. EVID. 414(a) ("In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.   The evidence may be considered on any matter to which it is relevant.").   These decisions explain the Legislature's purpose in modifying Rule 404 in sexual offenses involving children, as well as the safeguards built into the statute.   *Carrillo*, 2016 WL 4447611, at *9.   Likewise, article 38.37 does not reduce the State's burden of proof or a defendant's presumption of innocence because the State is still required to prove each element of the charged offense beyond a reasonable doubt.   *Caston v. State*, 549 S.W.3d 601, 611 (Tex. App.—Houston [1st Dist.] 2017, no pet.).   In short, the statute carves out an additional exception to the prohibition of admission of extraneous offense evidence in certain cases involving sexual abuse of children.   *Buxton*, 526 S.W.3d at 688; *Harris*, 475 S.W.3d at 402.

Notwithstanding the statutory exception, a defendant's right to a fair trial is protected by procedural safeguards provided in the statute.   *Harris*, 475 S.W.3d at 402.   Before certain

8

evidence may be introduced, the trial judge must determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt and conduct a hearing outside the presence of the jury for that purpose. *Id.*; TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2–a(1), (2). At the hearing, defense counsel has the right to challenge any witness's testimony by cross-examination. *Harris*, 475 S.W.3d at 402. The State must give the defendant notice of its intent to introduce this evidence in its case in-chief not later than the thirtieth day before the date of the defendant's trial. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3).

As such, we decline to hold contrary to the established precedent of this Court and other Texas courts of appeals, and we conclude that article 38.37 is facially constitutional and does not violate a defendant's due process rights. *See Carrillo*, 2016 WL 4447611, at *9; *Buxton*, 526 S.W.3d at 686; *Belcher*, 474 S.W.3d at 847; *Harris*, 475 S.W.3d at 403. Article 38.37 does not lessen the constitutional presumption of innocence nor does it alter the State's burden of proof as the State is still required to prove every element of the charged offense beyond a reasonable doubt. *Caston*, 549 S.W.3d at 611.

Accordingly, we conclude that article 38.37 is facially constitutional and does not violate a defendant's due process rights. *See id.*; *Carrillo*, 2016 WL 4447611, at *9; *Buxton*, 526 S.W.3d at 686; *Belcher*, 474 S.W.3d at 847; *Harris*, 475 S.W.3d at 403. Moreover, we are not convinced that article 38.37 is unconstitutional as applied to Jurado because the State was still required to prove each element of the charged indecency with a child offense beyond a reasonable doubt, and the statute did not shift the burden to him to prove that he was not guilty of that charged offense. *See Caston*, 549 S.W.3d at 611; *Carrillo*, 2016 WL 4447611, at *9; *Buxton*, 526 S.W.3d at 686;

9

*Belcher*, 474 S.W.3d at 847; *Harris*, 475 S.W.3d at 403.

On review of the record, we note that the trial court charged the jury on the constitutional requirements of presumption of innocence and the State's burden of proof stating as follows:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so you must acquit the defendant.

In addition to these instructions, the trial court also charged the jury with the following instruction regarding its ability to consider the extraneous offenses:

> You are further instructed that if there is any evidence before you in this case regarding the defendant committing other crimes, wrongs, or acts, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other crimes, wrongs, or acts.

Jurado has failed to cite to any controlling authority providing that he has a fundamental right to a trial free from the introduction of extraneous offense evidence. Neither the record before us nor the statutory provision itself provides any support for Jurado's contention that the statute lowers the State's burden of proof. We conclude that article 38.37, section 2, of the Texas Code of Criminal Procedure is constitutional and did not violate Jurado's constitutional right to due process or deny him his presumption of innocence. Accordingly, we overrule Appellant's first issue.

*Unfair Prejudice*

In his second issue, Jurado contends the trial court erred by admitting documentary evidence related to his prior conviction for aggravated sexual assault of a child—which included his prior conviction, his requirement to register as a sex offender for life, and the terms and conditions of community supervision imposed upon him in connection with his plea of guilty—asserting that the evidence was more prejudicial than probative and caused him to receive an unfair trial. The State first responds that Jurado failed to preserve his Rule 403 complaint for review where he failed to object on that basis in the trial court. The State secondly contends that even if Jurado preserved his complaint, then the probative value of the complained-of evidence regarding Jurado's prior aggravated sexual assault of a child conviction was not substantially outweighed by the danger of unfair prejudice.

### Preservation of Jurado's Complaint

In his briefing, Jurado argues that evidence of his prior conviction was more prejudicial than probative and caused him to receive an unfair trial. He further complains that the trial court did not hold an article 38.37 hearing as required under section 2-a, nor make a determination of whether the probative value of the evidence was outweighed by substantial prejudice to the defense.

To place the issue in context, we recite the procedural history and consideration of the complained-of extraneous offense evidence by the trial court. At pretrial, the State gave notice of its intention to introduce evidence of extraneous offenses including a prior offense of aggravated sexual assault for which Jurado was placed on ten years' deferred probation in January of 2002. The notice described that the State intended to use this extraneous offense evidence during every phase of trial in every allowable way. Jurado responded with a written objection which he titled,

11

"Pretrial Constitutional Objection to Art. 38.37 Section 2 Evidence of a Prior Child Sexual Offense Committed by Defendant." Within his objection, Jurado argued that the introduction of a prior conviction or plea of guilty to a child sexual abuse charge, where the defendant is facing the same or similar charges, would severely diminish the objectivity of the jury and destroy the presumption of innocence. Providing citations to both the U.S. and state constitution,[4] Jurado asserted that "the prejudice to the accused would severely diminish the objectivity of the Jury which is necessary to the function of a fair and impartial Jury and to a fair Trial generally[.]"

Days before trial began, the court held a hearing on Jurado's written objection to the use of the complained-of evidence in the guilt-innocence stage of trial. At the hearing, defense counsel asserted that the evidence would "totally prejudice the jury," and it would not be able to set the evidence aside and properly apply a presumption of innocence. After hearing argument, the trial court overruled Jurado's objection.

Before the start of trial and outside the presence of the jury, Jurado's counsel again raised his concerns about admission of complained-of extraneous offense evidence in a verbal motion in limine. During the ensuing discussion, Jurado's counsel noted that extraneous offenses would need to be proved beyond a reasonable doubt, and even with a plea it would not automatically permit the State to present extraneous evidence pertaining to the prior case. The State responded that it planned on presenting evidence that Jurado pleaded to what happened in the indictment. The trial court responded, "that plea alone, once they show it, is going to be enough to say that's beyond a reasonable doubt, you know, so …[.]," and defense counsel responded, "Yeah." During his opening statement, defense counsel admitted that he "believe[d] that the state will probably

---

[4] U.S. Const. amends. V, VI, and XIV; Tex. Const. art. I, § 10, 15, and 19.

12

prove beyond a reasonable doubt that the defendant [pleaded] guilty to a previous charge involving child molestation."

When presenting its case-in-chief, the State asked Sonja, L.R's aunt and friend of Jurado, whether she had ever learned of a prior accusation or prior criminal history regarding Jurado. As Sonja answered, "Yes," defense counsel objected stating, "based on the grounds submitted in our written objection that was ruled on before the start of this trial[.]" After the trial court overruled the objection, Sonja testified that Jurado had told her that he had pleaded guilty to aggravated sexual assault of a child but added that he said he had been falsely accused of that offense. Sonja further stated that Jurado told her he took a plea bargain to take care of his family and it included ten years' probation. When the prosecutor pressed for more details, Jurado's counsel objected on relevancy and further added, "I believe that they can introduce a conviction, but to go into the facts and matters here through hearsay, even from the defendant, is not - - I don't think is a way to introduce that conviction." The trial court mentioned he would allow the State to mention the conviction but not any further details other than the age of the child of the prior offense. Jurado's counsel argued that any extraneous offense must "be proved beyond a reasonable doubt," and the State cannot meet that burden through the testimony of Sonja. After some discussion, the trial court stated, "[o]bviously the judgment is permissible. I am going to let in the age, and I'm going to see what they do on cross." Sonja then testified that Jurado told her the child of the prior accusation was eleven years old. After defense counsel concluded his cross-examination, he objected again complaining about the State's notice and mentioning that the trial court had not held a hearing outside the presence of the jury as required by article 38.37. In the ensuing discussion, the trial court stated a hearing would be held but not at that time.

13

Later in its case-in-chief, the State introduced, over Jurado's objections, a copy of the indictment (State's Exhibit 2), the judgment (State's Exhibit 3), and the terms and conditions of probation (State's Exhibit 4), all pertaining to Jurado's plea of guilty to a prior charge of aggravated sexual assault of a child and the related terms of probation imposed in connection with the plea. Jurado based his objection on his written objections and on the basis that the requirements of article 38.37 had not been complied with prior to the admission of the documents. To support admissibility of this evidence, the State presented testimony from a fingerprint expert who testified that the fingerprints on the judgment and probation conditions matched the prints he had taken from Jurado that same day. In addition to the documentary evidence, the State later presented without objection testimony from a Sergeant Favela who confirmed that, due to Jurado's plea, he was required to register for life as a sex offender. Later in the proceedings, when the parties were discussing another extraneous offense involving Jurado for a prior conviction for tampering with a government record, the trial court compared the prior offenses to each other. As for the offense of aggravated sexual assault of a child, the court mentioned it had conducted a "balancing test" as to "the sexual incidents," and in doing so, the court found the evidence was relevant and "very similar[.]" As for the prior charge of tampering with a government record, however, the court stated, "I think, in the balancing of it, I'm going to say that its prejudicial effect is going to outweigh its probative value."

To preserve a complaint for appellate review, the complaining party must make a timely objection to the trial court which states the grounds with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. TEX. R. APP. P. 33.1(a)(1). The complaining party must let the trial court know what he wants and why

14

he thinks he is entitled to it, and he must do so clearly enough for the trial court to understand at a time when the trial court is in a position to do something about it. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). However, a party need not spout "magic words" or recite a specific statute to make a valid objection. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). References to a rule, statute, or specific case help to clarify an objection that might otherwise be obscure, but an objection is not defective merely because it does not cite a rule, statute, or specific case. *Id.* An appellate court should consider the context in which the complaint was made and the parties' understanding of the complaint at the time. *Id.* The objection made at trial, however, must comport with the issue raised on appeal. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

On appeal, Jurado complains of the admission of three items of evidence all related to his prior plea of guilty for aggravated sexual assault of a child: (1) the judgment on plea of guilty, (2) the requirement for him to register as a sex offender for life, and (3) the terms and conditions of his probation. Jurado's brief asserts a two-part complaint: (1) that the trial court did not hold a section 2-a hearing as required by article 38.37; and (2) that the trial court failed to determine whether the probative value was outweighed by substantial prejudice to the defense. As for section 2-a, article 38.37 requires that, "[b]efore evidence described by Section 2 may be introduced, the trial judge must: (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and (2) conduct a hearing out of the presence of the jury for that purpose." *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

Regarding Jurado's first complaint, we find he has waived the absence of such hearing by

15

failing to timely object at trial. The fact that a right or procedure has a statutory basis does not mean that it is a waiveable only right as opposed to a right that can be forfeited. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) ("Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)."). As an example, article 38.072 of the Code of Criminal Procedure likewise requires a "hearing conducted outside the presence of the jury" before evidence of a child's outcry statement may be admitted, but it is well settled that this procedure is subject to forfeiture when not insisted on in a trial court. *See, e.g., Taylor v. State*, 509 S.W.3d 468, 472-74 (Tex. App.—Austin 2015, pet. ref'd) (collecting cases). And several courts have applied that reasoning to hold that article 38.37's hearing requirement, which does not contain language expressly requiring a waiver, is subject to the general requirement of preservation and is therefore subject to forfeiture. *Carmichael v. State*, 505 S.W.3d 95, 102–03 (Tex. App.—San Antonio 2016, pet. ref'd); *Kimberlin v. State*, No. 05-18-00018-CR, 2019 WL 1292471, at *3 (Tex. App.—Dallas Mar. 21, 2019, no pet. h.) (mem. op., not designated for publication); *Herrera v. State*, Nos. 07-17-00166-CR, 07-17-00167-CR, 07-17-00168-CR, 2018 WL 1868124, at *1-2 (Tex. App.—Amarillo Apr. 18, 2018, no pet.) (mem. op., not designated for publication); *Stephens v. State*, Nos. 02-15-00046-CR, 02-15-00047-CR, 2016 WL 2586639, at *7 (Tex. App.—Fort Worth May 5, 2016, pet. ref'd) (mem. op., not designated for publication).

In this case, Jurado not only failed to timely request a section 2-a hearing, the purpose of such hearing would be for the trial court to determine whether the evidence admitted at trial would support a finding by the jury that the defendant committed the separate offense beyond a

16

reasonable doubt. On more than one occasion, the trial court stated the prior judgment would establish proof beyond a reasonable doubt and defense counsel agreed with the court's assessment. On appeal, Jurado advances no argument claiming that the complained-of evidence would not be adequate to support a jury finding that he committed the separate offense beyond a reasonable doubt. Likewise, we also find that the judgment of Jurado's prior conviction and related probation records, was sufficient evidence to establish the conviction beyond a reasonable doubt, an issue defense counsel essentially conceded during his opening statement and during his dialogue with the trial court. *See Luvano v. State*, No. 11-14-00122-CR, 2016 WL 1725455, at *2–3, *5 (Tex. App.—Eastland Apr. 21, 2016, no pet.) (mem. op., not designated for publication) (when introduced under article 38.37, a certified judgment of conviction containing the defendant's fingerprints was sufficient evidence to prove the existence of the conviction beyond a reasonable doubt). Thus, on this record, we find that Jurado has waived his complaint that the court failed to conduct a section 2-a hearing regarding its determination of whether the evidence likely to be admitted would be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt. *See Carmichael*, 505 S.W.3d at 103 (holding that lack of section 2-a hearing was forfeited by failure to object in the trial court on that basis); *see also* TEX. R. APP. P. 33.1(a) (requiring a timely request or objection to preserve error for appellate review).

As for Jurado's second complaint, however, we find that Jurado objected in context to the complained-of evidence on the ground of prejudice both before the trial had begun and when the evidence was presented during the trial proceedings. *See Ford*, 305 S.W.3d at 533. Jurado's written objection asserted that evidence of a prior separate offense of child sexual abuse would

17

cause "prejudice to [Jurado that] would severely diminish the objectivity of the Jury which is necessary to the function of a fair and impartial Jury and to a fair Trial generally[.]" When the trial court held a pretrial hearing on Jurado's objections, defense counsel asserted that evidence of a prior separate offense of child sexual abuse would "totally prejudice the jury." During trial, as the State presented the judgment (State's Exhibit 3) and terms and conditions of probation (State's Exhibit 4), Jurado again objected based on what was stated in his written objection tendered before trial and based on his assertion that the requirements of article 38.37 had not been complied with as required by law. Because we construe Jurado's objection to the complained-of evidence in context as complaining of it being overly prejudicial, we find that Jurado preserved his objection under the prejudice prong of Rule 403, and thus, his objection during trial comports with his complaint of prejudice as advanced here. *See* TEX. R. APP. P. 33.1(a); *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd).

### Rule 403 Complaint

Jurado complains that the admission of certain evidence—including the judgment (State's Exhibit 3) and terms and conditions of probation including his requirement to register as a sex offender (State's Exhibit 4) that are related to his prior plea of guilty for a separate offense of aggravated sexual assault of a child—was more prejudicial than probative and caused him to receive an unfair trial. Among terms and conditions, probation terms required that Jurado register with a sex offender registration program (State's Exhibit 4).

Jurado correctly notes that even under article 38.37, the trial court must upon request consider whether the extraneous event testimony is precluded under Rule 403. *See Carrillo*, 2016 WL 4447611, at *3 (citing *Martines v. State*, 371 S.W.3d 232, 246 (Tex. App.—Houston [1st

Dist.] 2011, no pet.)); *Hitt v. State,* 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd); *Hinds v. State*, 970 S.W.2d 33, 35 (Tex. App.—Dallas 1998, no pet.). "Evidence that is relevant under article 38.37 is 'nevertheless subject to exclusion if its probative value is substantially outweighed by the danger of unfair prejudice[.]'" *Martines*, 371 S.W.3d at 246 (quoting *Sanders v. State*, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref'd)); *see also Hitt*, 53 S.W.3d at 706; *Hinds*, 970 S.W.2d at 35. Absent an explicit refusal to conduct the balancing test, we presume the trial court conducted the test when it overruled the objection. *Williams v. State*, 958 S.W.2d 186, 195-96 (Tex. Crim. App. 1997); *Sanders*, 255 S.W.3d at 760 (Rule 403 does not require the balancing analysis be performed on the record).

On review of the record, we conclude that the trial court conducted a balancing test on the prejudicial weight of the complained-of evidence. Initially, the complained-of evidence was introduced not in the form of documents but in the form of questions that were asked during the State's direct examination of Sonja Arnold. The State inquired about what Jurado had told her about his criminal history. After defense counsel objected with reference to its written objections, the trial court overruled objections but limited the State's inquiry to Sonja only revealing the age of the child involved in the prior offense. Had the State relied on a complaining witness as opposed to Jurado's prior plea of guilty, the trial court described that it would have determined outside the presence of the jury what would be permissible and not permissible. The court then stated, "[o]bviously the judgment is permissible. I am going to let in the age, and I'm going to see what they do on cross." The State complied with the court's instruction and no further discussion ensued during Sonja's testimony. On another occasion, when discussing other extraneous evidence involving Jurado's prior conviction for tampering with a government record,

19

the trial court stated it had conducted a "balancing test" as to "the sexual incidents," and found the evidence was relevant and "very similar[.]" We would accordingly overrule Jurado's complaint to the extent that it is based on a premise that the trial court never considered the balancing test required by Rule 403.

Out of caution, however, we also hold that if the trial court did not engage in that analysis, Rule 403 would not require the exclusion of the evidence, and if it did, the error was harmless. *See* TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence, including extraneous offense evidence, and presumes that relevant evidence is more probative than unfairly prejudicial. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) (citation omitted). In determining whether a trial court violated Rule 403 by the admission of evidence, we balance the following factors: (1) the inherent probative value of the evidence and (2) the State's need for the evidence, against any tendency of the evidence to (3) suggest a decision on an improper basis, (4) confuse or distract the jury from the main issues, (5) be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or be needlessly cumulative. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). We review the trial court's decision to admit evidence under the abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990) (opin. on reh'g); *Knight v. State*, 457 S.W.3d 192, 201–02 (Tex. App.—El Paso 2015, pet. ref'd). Because Rule 403 permits the exclusion of admittedly probative evidence, "it is a remedy that should be used sparingly, especially in 'he said, she said' sexual-molestation cases that must be resolved solely on the basis of the testimony of the complainant and the defendant." *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).

Texas courts recognize that the legislative history of article 38.37 indicates the Legislature's authorization of "evidence of other sexual-related offenses allegedly committed by the defendant against a child to be admitted in the trial of certain sexual-related offenses for any bearing the evidence has on relevant matters." *Bradshaw v. State*, 466 S.W.3d 875, 881 (Tex. App.—Texarkana 2015, pet. ref'd) (citing House Comm. on Criminal Procedure Reform, Select, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013)); *Caston v. State*, 549 S.W.3d 601, 610 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Article 38.37 evidence is, by definition, "propensity or character evidence" that the Legislature authorized for admission to "give prosecutors additional resources to prosecute sex crimes committed against children[.]" *Caston*, 549 S.W.3d at 610. Nonetheless, evidence admitted pursuant to article 38.37 is still subject to a Rule 403 analysis. *Id*. at 610-11; *Belcher*, 474 S.W.3d at 847.

Here, the charged offense involves a claim that Jurado intentionally or knowingly engaged in sexual conduct with L.R., who was then six years old, with the intent to arouse and gratify his own sexual desire. The assault against L.R. took place in the home where Jurado lived with others. According to State's Exhibits 2, 3 and 4, Jurado was indicted on July 31, 2001, and pleaded guilty to a charge of aggravated sexual assault of a child on January 7, 2002. The indictment shows that his prior plea of guilty involved an aggravated sexual assault charge involving the unlawful penetration of the female sexual organ of a child by means of the finger of Jurado. When Jurado pleaded guilty to the offense as charged, the judgment shows the court deferred its entering of an adjudication of guilt and placed him on community supervision. Terms of his probation included registration with a sex offender registration program. In comparing Jurado's prior offense with the charged offense in this case, both offenses are similar charges and

21

include victims who were both young children.

Jurado's prior conviction for aggravated sexual assault of a child was probative of his guilt for the charged offense because it established his propensity to commit sexual offenses against children, which is evidence of the type that is admissible as authorized by the Legislature. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2; *Caston*, 549 S.W.3d at 612 (propensity evidence that a defendant previously committed the same or similar offense for which he is charged is inherently probative, and that article 38.37 removed Rule 404's bar to the use of such evidence to establish a defendant's conformity with a pertinent character trait on a particular occasion). Jurado's prior sexual assault case was relevant to L.R's credibility as she was the only eyewitness to the offense and no physical evidence corroborated her testimony. *See Caston*, 549 S.W.3d at 612; *Buxton*, 526 S.W.3d at 688 (explaining that article 38.37 was enacted as a statutory exception recognizing that children are often targeted for sex crimes in part because they tend to make poor witnesses and prosecutors otherwise must rely on largely uncorroborated testimony of a child victim). Evidence of his prior conviction and requirement to register was also relevant to rebut Jurado's initial assertion that L.R. had a rash and he had looked at it. No time element is included in article 38.37's terms.

Likewise, the evidence was not likely to cause the jury to render a decision on an inappropriate basis, to distract the jury from the main issues in the case, or to be given undue weight by the jury because the charged offense was substantially the same as Jurado's prior conviction for a sexual offense similarly involving a young child. *See Caston*, 549 S.W.3d at 613. Finally, the record shows that the evidence did not take an inordinate amount of time to develop. Accordingly, we conclude that the probative value of Jurado's prior conviction and related

probation terms was not outweighed by the risk of unfair prejudice, and the trial court did not abuse its discretion in admitting the evidence. Jurado's second issue is overruled.

## Punishment Enhancement

*Factual Determination of Prior Conviction*

Next, we discuss Jurado's issues pertaining to the enhancement of his punishment. In his third issue, Jurado argues that the State did not establish Jurado's plea of "true" regarding his enhanced punishment allegation because there was no "adjudication and factual determination" as to his prior aggravated sexual assault of a child conviction. He asserts that the State failed to request a finding from the trial court on its enhancement allegation and that the State was precluded from seeking a punishment outside the range of a second-degree felony. Jurado contends in turn that the enhancement using his prior conviction for aggravated sexual assault was ineffective, and he was therefore only convicted of the second-degree felony offense of indecency with a child.

We again begin by addressing the State's argument that Jurado's complaints were not preserved for appellate review. Citing *Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006), the State argues that "[a] defendant may not, for the first time on appeal, complain of the trial court's failure to read enhancement allegations and to take the defendant's plea when the defendant had an opportunity to object to that failure in the trial court." It likewise contends that any complaint that the trial court failed to make an oral pronouncement regarding a punishment-enhancement allegation must be timely raised in the trial court. *See Newby v. State*, 169 S.W.3d 413, 416 (Tex. App.—Texarkana 2005, pet. ref'd). The State therefore argues that Jurado has waived his issue because he failed to object to either the trial court's failure to take his plea to the enhancement allegation or make an oral pronouncement on the issue. We agree.

23

The record shows that the trial court did not make an oral pronouncement regarding the enhancement allegation or take his plea to the allegation, and the enhancement allegation noted on the judgment is marked "N/A." Nevertheless, Jurado did not object to the trial court's failure to read the enhancement allegation, or to take his plea to the enhancement. As such, he has waived his complaint on appeal regarding this matter. *See* TEX. R. APP. P. 33.1(a); *Marshall*, 185 S.W.3d at 903; *Newby*, 169 S.W.3d at 416.

Even if we were to consider his issue on the merits, the State argues, and Jurado admits, that there is no requirement for the enhancement allegation or the trial court's findings on the allegation to be orally read to the defendant when the trial court assesses the defendant's punishment. *See Garner v. State,* 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd); *Meineke v. State*, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Instead, the trial court's finding of true to the allegation is implied where the record establishes the truth of the allegation, and where the sentence imposed within that of enhanced punishment range rather than that of the underlying offense. *Torres v. State*, 391 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *Dawkins v. State*, No. 05-16-00101-CR, 2017 WL 3301784, at *2 (Tex. App.—Dallas Aug. 3, 2017, no pet.) (mem. op., not designated for publication).

Here, the record shows that the State established the existence of Jurado's prior conviction by presenting testimony from a fingerprint expert who matched Jurado's fingerprints to those present on the judgment for his prior conviction, and through the detective's testimony that Jurado had been convicted of aggravated sexual assault of a child and had been required to register for life as a sex offender. Regarding the sentence imposed, Jurado was charged with the second-degree felony offense of indecency with a child, which carries a punishment range of two to twenty

24

years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.33(a); 21.11(a), (d). Pursuant to the enhancement provision in TEX. PENAL CODE ANN. § 12.42(c)(2), Jurado's punishment for the indecency with a child offense was enhanced to life imprisonment if it was shown that he had previously been convicted of aggravated sexual assault of a child. Since the trial court imposed upon Jurado a sentence of life imprisonment, its finding of true regarding the enhancement allegation is implied and no reversible error occurred with regard to the trial court's failures to orally read the enhancement allegation, to take Jurado's plea to the enhancement, or to make an express finding regarding the allegation. *See Torres*, 391 S.W.3d at 183; *Dawkins*, 2017 WL 3301784, at *2. As the record established the existence of Jurado's prior conviction and Jurado's punishment is within the enhanced punishment range instead of that of the underlying offense, we imply the trial court's finding of true to the enhancement allegation and conclude that Jurado's issue is without merit. Jurado's third issue is overruled.

## *Apprendi v. New Jersey*

In his fourth issue, Jurado argues that the decision of the U.S. Supreme Court in *Apprendi*, 530 U.S. at 466, rendered his life sentence unconstitutional. In particular, he asserts that his sentence "deprived him of his 6th Amendment right to a jury determination on [the] issue of whether [he] committed [his] prior conviction" for aggravated sexual assault, and that the jury, not the trial court, was required under *Apprendi* to determine the validity of the prior conviction. The State again argues that Jurado's issue was not preserved for appellate review because he did not raise the *Apprendi* claim at trial or receive an adverse ruling on the issue. Our review of the record confirms that Jurado did not raise the *Apprendi* issue at trial, and we conclude that Jurado has not properly preserved this issue for our review. TEX. R. APP. P. 33.1(a).

25

Even if we were to consider this issue on the merits, we are not persuaded by Jurado's argument because, as the State points out, *Apprendi* applies only to facts which could increase the statutory maximum punishment of an offense. *See Apprendi*, 530 U.S. at 490. It does not, however, apply to the use of prior convictions to enhance statutory maximum punishment ranges. *Id.* ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Williams v. State*, No. 10-09-00227-CR, 2010 WL 2010916, at *1 (Tex. App.—Waco May 12, 2010, pet. ref'd) (mem. op., not designated for publication) (noting *Apprendi*'s exception of prior convictions from facts which must be submitted to the jury and proven beyond a reasonable doubt). Here, the trial court properly relied on TEX. PENAL CODE ANN. § 12.42(c)(2), and not TEX. CODE CRIM. PROC. ANN. art. 38.37 in using Jurado's prior conviction to enhance his punishment because his prior conviction enhanced his punishment for the charged indecency with a child offense from a second-degree felony punishment range (two to twenty years' imprisonment) to that of a first-degree felony punishment range (five to ninety-nine years or life imprisonment). *See* TEX. PENAL CODE ANN. §§ 12.42(c), 21.11(a)(1), 22.021. Further, Jurado waived his right under *Apprendi* to have a jury make the factual determination of his prior conviction when he elected to have the trial court impose punishment, and to make the factual determinations required to impose punishment. *See Blakely v. Washington,* 542 U.S. 296, 310 (2004) (a defendant may waive his *Apprendi* rights).

We conclude that even if he had properly preserved his issue for our review, Jurado's sentence did not run afoul of *Apprendi* or other Sixth Amendment considerations and his argument that his sentence is unlawful because the jury did not determine the issue of his prior conviction is

therefore without merit. *See Apprendi*, 530 U.S. at 490; *Blakely,* 542 U.S. at 310; *Williams*, 2010 WL 2010916, at *1. Jurado's fourth issue is overruled.

## Legal Sufficiency

Finally, we discuss the two remaining issues pertaining to the legal sufficiency of evidence supporting Jurado's conviction. In his fifth issue, Jurado argues that his conviction was not supported by legally sufficient evidence because the State used his prior conviction for aggravated sexual assault as an element of the charged indecency with a child offense, and "because the jury did not make a factual determination that [Jurado] committed the prior aggravated sexual assault [offense]." As such, Jurado argues that the State's use of his prior aggravated sexual assault of a child conviction under article 38.37 made the prior conviction an element of the charged indecency with a child offense, and that the evidence supporting this purported element of the charged offense was legally insufficient because the jury did not make a factual determination regarding his prior conviction during the guilt-innocence phase of trial.

Due process requires that the State prove, beyond a reasonable doubt, every element of the charged offense. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)). The elements or "facts necessary" to establish an offense are determined by state law, and under Texas law we measure the sufficiency of the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case . . . [which] accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Thus, evidentiary sufficiency issues must

27

relate to the statutory elements of an offense, and not to matters of the admissibility of evidence. *See Hanks v. State*, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004) ("sufficiency" relates to whether the elements of an offense have been logically established by all the admissible and inadmissible evidence presented, while "admissibility" relates to the fairness of introducing evidence and its logical relevance).

As explained above, article 38.37 concerns only the admissibility of certain extraneous offense evidence in cases involving sexual offenses committed against children. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). Article 38.37 does not, however, convert the proof of the extraneous offense into a statutory element of the charged offense; instead, it allows the jury to use the evidence to assist them in determining whether the State proved the statutory elements of the charged offense. *See id.* Here, Jurado was charged with indecency with a child pursuant to TEX. PENAL CODE ANN. § 21.11(a)(1). To establish the elements of indecency with a child, the State was required to prove, beyond a reasonable doubt, that Jurado engaged in sexual contact with L.R., and that L.R. was younger than seventeen years of age at the time of the offense. *See id.* What the State was not required to prove, however, was the existence of Jurado's prior conviction for aggravated sexual assault of a child because proof of Jurado's prior conviction was not a statutory element of the charged offense of indecency with a child under Section 21.11(a)(1). *See id.*

As such, the State properly introduced Jurado's prior conviction under article 38.37 to assist the jury in determining his character and weighing L.R.'s credibility, which in turn assisted the jury in determining whether the State proved the statutory elements of indecency with a child. In contrast, introducing his prior conviction under article 38.37 did not convert his prior conviction

28

into an element of the charged offense. *See State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998) ("[b]ecause the State must prove these facts at trial [(i.e., when the defendant became a felon)], this does not convert those facts into elements of the proscribed offenses. The concept of element of an offense 'does not include every issue to which the State has the burden of proof; it does not include, for example, venue or jurisdiction.'") (citation omitted).

Thus, the jury would not have been precluded from determining Jurado's guilt of indecency with a child had it not found the existence of Jurado's conviction beyond a reasonable doubt; instead, it would only have been precluded in considering that evidence in evaluating Jurado's character and L.R.'s credibility. As such, the use of Jurado's prior conviction under article 38.37 did not convert the conviction into an element of indecency with a child, and the State was not required to prove Jurado's prior conviction beyond a reasonable doubt to establish his guilt for indecency with a child. *See id.*; *Hanks*, 137 S.W.3d at 671.

Likewise, we are not persuaded by Jurado's argument raised in his sixth issue that TEX. PENAL CODE ANN. § 12.46 precluded the State from using his prior conviction as both an element of the charged offense and as a punishment enhancement. It is true that the use of a prior conviction to prove an essential element of an offense prohibits use of the prior conviction in the same indictment for enhancement purposes. TEX. PENAL CODE ANN. § 12.46; *Wisdom v. State*, 708 S.W.2d 840, 845 (Tex. Crim. App. 1986). Yet for the reasons explained above, Jurado's prior conviction was not an element of the charged offense, and thus the State was not precluded from using the prior conviction to enhance Jurado's punishment. *See Wisdom*, 708 S.W.2d at 845; *see also Stokes v. State,* No. 05-06-01331-CR, 2007 WL 3173402, at *1–2 (Tex. App.—Dallas Oct. 31, 2007, no pet.) (not designated for publication) (the State may use a defendant's prior

convictions for enhancement purposes where the prior conviction is not an element of the charged offense). Jurado's fifth and sixth issues are overruled.

## II.

The trial court certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that he was informed of his rights to appeal and to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 25.2(d). The certification is defective, and has not been corrected by Appellant's attorney, or the trial court. To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX. R. APP. P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX. R. APP. P. 48.4, 68. Appellant's attorney is further ORDERED to comply with all of the requirements of TEX. R. APP. P. 48.4.

## CONCLUSION

Having overruled Jurado's issues, we affirm the judgment of the trial court.


GINA M. PALAFOX, Justice

April 30, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)