

# NUMBER 13-19-00506-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ANTONIO SERDA,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

---

### On appeal from the 198th District Court
### of Bandera County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

A jury convicted appellant Antonio Serda of continuous sexual assault of a child, a

first-degree felony, and the trial court sentenced him to fifty years' imprisonment. *See*

TEX. PENAL CODE ANN. § 21.02. Serda contends that the trial court erred in admitting

photographic evidence of an extraneous offense under Texas Rules of Evidence 404(b)

and 403.[1] We affirm.

## I.   BACKGROUND

On May 4, 2017, J.S. made an outcry at school that her younger brother E.S. was being physically abused by their parents, Serda and Juana. J.S. and her siblings were removed from the home that day by the Texas Department of Family and Protective Service (CPS). In her initial screening with the CPS investigator, J.S. alleged that she too had been physically abused by her parents but denied that any sexual abuse had occurred. Seven days later, during an evaluation with a clinical psychologist, J.S. made an outcry that Serda had sexually abused her.

Serda was indicted for continuous sexual abuse of a child younger than fourteen years of age by touching and rubbing J.S.'s vagina with his finger on more than one occasion over a period that was thirty days or more in duration. *See id.* In a separate proceeding, Serda and his wife were indicted for injury to a child based on their alleged physical abuse of E.S. Those indictments were pending at the time this case went to trial.

The State's ability to introduce evidence that Serda physically abused J.S. and E.S. was at issue throughout the proceeding. In particular, the State wanted to introduce photographs of the injuries to E.S. that precipitated J.S.'s outcry. The trial court granted Serda's pretrial motion in limine regarding extraneous offenses and bad acts. Early in the trial, the State argued that by raising the defensive theory of fabrication, Serda had opened the door to introducing the photos of E.S.'s injuries because they "corroborate[ ] that [J.S.] is truthful." The trial court concluded the State was "not there yet."

---

[1] This case is before us on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

However, the trial court permitted J.S. to testify about her environment, including the physical abuse she suffered by Serda. She said that Serda physically and sexually abused her frequently from 2012 until she was removed in 2017. When she resisted his sexual contact, Serda would hit her with a sword shaped paddle or his belt. He also made her take cold showers that lasted as long as two and a half hours.

During cross examination, Serda repeatedly insinuated that J.S.'s accusations were not plausible given the alleged frequency of abuse and number of individuals residing in their small home, none of which observed the sexual abuse. Serda also suggested that J.S. had ulterior motives, including placement in a more affluent home and retribution for being disciplined.

Before redirect, the State asked the trial court again if it could introduce the photos of E.S.'s injuries to corroborate J.S.'s testimony. After a lengthy exchange outside the presence of the jury, the trial court allowed the State to introduce two photos of E.S.'s injuries. One photo (State's exhibit 8) depicts bruising on E.S.'s arm that is consistent with the sword-shaped paddle described by J.S. The other photo (State's exhibit 9) depicts bruising and scrapes on a large portion of E.S.'s buttocks. J.S. confirmed that these were the injuries to E.S. that led her to make her initial outcry at school.

Serda was convicted of continuous sexual abuse of a child younger than fourteen years of age, and this appeal ensued.

## II.  STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). A trial court

abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

Extraneous-offense evidence offered solely to prove character conformity is inadmissible. Tex. R. Evid. 404(b). Extraneous-offense evidence may, however, be admissible for other purposes, such as rebutting a defensive issue that negates one of the elements of the crime. *Casey v. White*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). For example, extraneous-offense evidence may be admissible to rebut the defensive theory that the State's witnesses are fabricating their testimony, *De La Paz v. State*, 279 S.W.3d 336, 346–47 (Tex. Crim. App. 2009), including a complainant's allegations of sexual assault. *Bass v. State*, 270 S.W.3d 557, 562–63 (Tex. Crim. App. 2008).

Although admissible under Rule 404(b), evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g); *Gittens v. State*, 560 S.W.3d 725, 732(Tex. App.—San Antonio 2018, pet. ref'd). In conducting a Rule 403 balancing test, the trial court should weigh (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by

4

a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). When the trial court overrules a Rule 403 objection, we presume the trial court performed the Rule 403 balancing test and determined the evidence was admissible. *Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.—Tyler 2015, no pet.); *Sanders v. State*, 255 S.W.3d 754, 761 n.2 (Tex. App.—Fort Worth 2008, pet ref'd); *Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd).

### III. ANALYSIS

Serda complains that the photographs were inadmissible under Texas Rules of Evidence 404(b) and 403, and therefore the trial court abused its discretion.

As a threshold matter, we reject the State's argument that Serda did not preserve these objections. *See* TEX. R. APP. P. 33.1. Serda and the State debated the admissibility of these photos several times throughout the trial, culminating in a nearly thirty-minute exchange outside the presence of the jury in which Serda repeatedly asserted the photos should not be admitted because they (1) depicted the separate offense of injury to a child, and (2) were "far more prejudicial than probative." Indeed, before making its ruling, the trial court remarked that Serda and the State were "beating a dead horse."

### A. Photos admissible under Rule 404(b)

Turning to the merits, Serda argues that the photos were offered solely to prove character conformity. *See* TEX. R. EVID. 404(b). However, in his opening statement, Serda

5

raised fabrication as his primary defensive theory:

> You are going to hear allegations that [J.S.] made that she was sexually abused 500 to 600 times, she initially claimed, and then she claimed every single day that she was there. She will give you testimony that it happened from 11 to 17 minutes every single day that she existed there.
>
> You will also hear testimony from social workers and other individuals that would visit them, because of part of the fostering you will realize that someone comes in to check on them regularly, that that individual that checked on them regularly never heard a single word about any of this sexual abuse. They heard about other types of things, but not the sexual abuse, and I want you to—when you hear this, I think you are going to be limited to one thing. Either you believe all of it or you believe none of it. Please pay attention to that testimony. Thank you.

Thus, Serda opened the door for the State to rebut his theory of fabrication. *See Bass*, 270 S.W.3d at 562–63; *Powell v. State*, 63 S.W.3d 435, 438–40 (Tex. Crim. App. 2001) (recognizing that a defendant may open the door to extraneous-offense evidence in their opening statement).

Serda continued to raise fabrication throughout the trial, especially during his cross examination of J.S. Although physical and sexual abuse are not the same offense, in this case, they were inextricably intertwined. According to J.S., Serda used physical violence to coerce her into submitting to his sexual contact, and it was the physical abuse of her younger brother, whom she felt a need to protect, that finally led her to make an outcry. Moreover, J.S. explained that it was the threat of further physical abuse that caused her to delay reporting the sexual abuse. As Serda acknowledged during his objection, the photos of E.S.'s injuries corroborated J.S.'s version of events, particularly the photo of the sword-shaped bruise on E.S.'s arm.

6

Under these circumstances, it is at least subject to reasonable disagreement whether the extraneous-offense evidence was admissible for the noncharacter-conformity purpose of rebutting Serda's defensive theory of fabrication. *See Bass*, 270 S.W.3d at 562–63. We overrule Serda's sub-issue.

## B. Photos admissible under Rule 403

Serda argues that even if the photos were admissible under Rule 404, their probative value was substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403.

As explained above and conceded by Serda at trial, the photos were probative because they corroborated J.S.'s testimony about the circumstances of her abuse and the event that precipitated her outcry. Further, the trial court could have reasonably concluded the State had a great need for corroborating evidence to rebut Serda's fabrication theory. As Serda acknowledges in his brief, the State's case turned "solely on the word of J.S. There was no medical evidence corroborating J.S.'s allegations. Therefore, witness credibility was paramount." We would add that, other than the limited testimony of the outcry witness,[2] there was no evidence corroborating J.S.'s allegations of sexual abuse. *See Robisheaux v. State*, 483 S.W.3d 205, 213 (Tex. App.—Austin 2016, pet. ref'd) (holding the State had a strong need for extraneous offense evidence because without such evidence, "the State's case would have basically come down to" complainant's word against defendant's). In other words, the trial was "a swearing match" between J.S. and Serda, *see Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App.

---

[2] After J.S. generally acknowledged the abuse, the psychologist elected to terminate the evaluation to alert authorities. Thus, the psychologist could not corroborate any of the details of J.S.'s allegations.

2002), and Rule 403 "should be used sparingly to exclude relevant, otherwise admissible evidence that might bear on the credibility of either the defendant or the complainant in such 'he said, she said' cases." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009).

When we examine the potential to impress the jury in some irrational way, we note, just as the State conceded at trial, that evidence of misconduct involving children is inherently inflammatory. *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). However, all evidence against the defendant tends to be prejudicial; therefore, the key inquiry is whether the evidence is *unfairly* prejudicial. *Id.* In this case, although the State sought to introduce a "stack" of photos, the trial court limited the State to two. *See id.* (concluding, unlike this case, that "the sheer volume of extraneous-offense evidence was unfairly prejudicial"). Further, the extraneous offense evidence in the case was less egregious than J.S.'s allegations of sexual abuse. *See Buxton v. State*, 526 S.W.3d 666, 691 (Tex. App.—Houston [14th Dist.] 2017, pet ref'd); *see also Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.—Tyler 2015, no pet.) (noting that extraneous offense was "more repugnant and inflammatory than the offense alleged against [the complainant]," but still holding that trial court did not abuse its discretion by ruling that Rule 403 was not violated). Both facts dampened the potential for a decision based on an improper basis. *See Gigliobianco*, 210 S.W.3d at 641.

As to the last three factors, Serda argues that the State "emphasized this extraneous evidence throughout the presentation of its case as reflected by the [S]tate's repeated reference at trial to physical abuse of the children." To the extent Serda is

complaining about other witnesses testifying about physical abuse, Serda has not presented that issue on appeal. *See* TEX. R. APP. P. 38.1(i). The CPS investigator was allowed to testify about the general nature of the removal, and J.S. was allowed to testify about the physical abuse she suffered, but prior to the admission of the photos, there was no evidence in the record about the specific nature of E.S.'s injuries. Consistent with its assurances to the trial court, the State did not dwell on the nature of the injuries. Instead, the State briefly asked J.S. if the sword-shaped injury on E.S.'s arm was consistent with her prior testimony that Serda hit her with a sword-shaped paddle when she resisted his sexual contact. Thus, the trial court could have reasonably concluded that admitting the photos would not distract or mislead the jury or effect the efficiency of the trial. *See Gigliobianco*, 210 S.W.3d at 642.

In light of these facts, we hold that the trial court's ruling that the danger of unfair prejudice did not substantially outweigh the probative value of the extraneous offense was not an abuse of discretion. *See id.* We overrule Serda's issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
25th day of February, 2021.

9